IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODNEY BESSON,<br>    Plaintiff,<br><br>  v.<br><br>JAMES PARK, *et al.*,<br>    Defendants. | :<br>:<br>:<br>: Civil No. 5:24-cv-02263-JMG<br>:<br>:<br>: |

**MEMORANDUM**

**GALLAGHER, J.**                          **SEPTEMBER 17, 2024**

*Pro se* Plaintiff Rodney Besson has filed a Complaint ("Compl." (ECF No. 5)) asserting claims for patent and copyright infringement against James Park, Amy McDonough, William Zerella, K.S. Choi, Luca Maestri, Jonathan Ive, Clifton A. Pemble, Min Hao, Patrick Desbois, Dawn Iddings, Ed Link, and Kenichiro Yoshida (collectively "Defendants"). (Compl. at 2-4.) Currently before the Court are Besson's Complaint and his Motions for Leave to Proceed *In Forma Pauperis*. (ECF Nos. 5, 1, 4.) For the following reasons, the Court will grant Besson leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for failure to state a claim. Besson will be granted leave to file an amended complaint.

**I.  FACTUAL ALLEGATIONS**[1]

Besson's allegations are brief. He alleges that in November 2006, he filed a patent application for a smart watch that he invented named Med-Alert. (Compl. at 5.) He claims to have the applications he filed. (*Id.*) He alleges that several years after he filed the application or

---

[1] The allegations set forth in this memorandum are taken from Besson's Complaint (ECF No. 5.) The Court adopts the pagination assigned by the CM/ECF docketing system.

1

applications, watch companies including Fitbit, Samsung, Apple, Garmin, and Sony introduced products with features like those included with his invention. (*Id*.) Besson asserts that these companies cannot obtain patents or copyrights for their products because his applications were filed first. (*Id*.)

Besson requests that the Court determine whether he owns the patents or copyrights for the smart watch features in question. (*Id*. at 6.) If the Court finds that Besson does own the rights to the features, Besson requests that the Court enjoin the referenced companies from using his inventions without a license agreement and order them to pay him money damages. (*Id*.)

## II.     STANDARD OF REVIEW

The Court will grant Besson leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, ___ F. 4d ___, 2024 WL

3820969 (3d Cir. Aug. 15, 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Besson is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

A complaint also may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). The United States Court of Appeals for the Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "A complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (*per curiam*) (internal quotations and citations omitted).

"[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Garrett*, 938 F.3d at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Garrett*, 938 F.3d at 94. Dismissals under Rule 8 are

3

"'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Id.* (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III.   DISCUSSION

The Court understands Besson to be asserting patent[2] and copyright[3] infringement claims based on the use of features that he alleges he invented on smart watches produced by Fitbit, Samsung, Apple, Garmin, and Sony. However, Besson has not asserted any claims against these

---

[2] To state a patent infringement claim, a plaintiff must allege the following minimal requirements:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent "by making, selling, and using [the device] embodying the patent"; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*Lyda v. CBS Corp.*, 838 F.3d 1331, 1338 (Fed. Cir. 2016) (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012)) (alterations in original).

[3] To state a copyright infringement claim, a plaintiff must allege: "(1) which specific original works are the subject of the copyright claim; (2) ownership of the copyrights in those works; (3) registration of the works in question with the Copyright Office in accordance with 17 U.S.C. § 101 *et seq.*; and (4) by what acts the defendant infringed the copyright." *Browne v. Zaslow*, 103 F. Supp. 3d 666, 671 (E.D. Pa. 2015) (internal citation omitted); *see also Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002) ("To establish a claim of copyright infringement, a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work."). Section 411 of the Copyright Act requires that a plaintiff "must have a registered copyright before filing an infringement claim based upon that copyright." *Raucci v. Candy & Toy Factory*, 145 F. Supp. 3d 440, 450 (E.D. Pa. 2015) (citations omitted). "[A]lthough an owner's rights exist apart from registration, . . . registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Fourth Estate Pub. Ben. Corp. v. Wall-Street.com LLC*, 586 U.S. 296, 301 (2019) (citations omitted). "While a plaintiff need not attach the copyright as an exhibit to the complaint, he must sufficiently allege in the pleadings that a copyright exists, and the court may take judicial notice at the motion to dismiss stage of the existence or non-existence of such a copyright." *LoDuca v. Pichai*, No. 21-1691, 2022 WL 2757683, at *3 (W.D. Pa. July 14, 2022) (citing *Raucci*, 145 F. Supp. 3d at 451).

companies. Instead, he asserts his claims against twelve individual Defendants, but includes no factual allegations in his Complaint describing any conduct engaged in by these Defendants. The allegations in the Complaint do not provide enough information to put the named Defendants on notice of the basis for the claims against them, and the Court concludes that Besson's allegations do not support any plausible claim against the named Defendants in accordance with Rule 8. Therefore, the Court will dismiss the Complaint in its entirety. *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiffs "failed to plead adequate factual content to support a reasonable inference that defendants were liable" and "failed to present cognizable legal claims to which defendants could respond on the merits"). Besson will be granted leave to file an amended complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Besson leave to proceed *in forma pauperis* and dismiss his Complaint. This dismissal will be without prejudice to Besson's right to file an amended complaint in the event he can state a claim for relief against the named Defendants or others. An appropriate Order follows.

                              **BY THE COURT:**

                              */s/ John M. Gallagher*
                              **JOHN M. GALLAGHER, J.**